UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **PEDRO BONILLA ANGAMARCA** | **CASE NO. 3:25-CV-01917 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MELLISSA B HARPER ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Pending before the Court is a Motion for Temporary Restraining Order ("TRO") [Doc. No. 3] filed by Petitioner, Pedro Bonilla Angamarca ("Petitioner"). Respondents, Mellissa Harper, Todd Lyons, Rodney Scott, Kristi Noem, and Pamela Bondi ("Respondents") filed a response [Doc. No. 10]. Petitioner filed a reply [Doc. No. 13].

After carefully considering Petitioner's filings and the applicable law, the Motion is **DENIED**.

### I. BACKGROUND

Petitioner is originally from Ecuador and illegally entered the United States over twenty-five years ago.[1] Since that time, Petitioner has been living in Chicago, Illinois.[2] On October 8, 2025, United States Immigration and Customs Enforcement ("ICE") arrested and charged Petitioner with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the U.S. who has not been admitted or

---

[1] [Doc. No. 1, p. 4].
[2] [Id.].

1

paroled.³ Petitioner was moved to Jackson Parish Correctional Center in Jonesboro, Louisiana, where he remains detained.⁴

Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] ("Habeas Petition") on December 2, 2025, seeking this Court to declare that Petitioner is being unlawfully detained under 8 U.S.C § 1225(b) and that such detention violates Petitioner's Fifth Amendment.⁵ In the instant Motion, Petitioner prays that this Court release Petitioner immediately or conduct a bond hearing.⁶ Thus, Petitioner's central argument in both his Habeas Petition and Motion for TRO is that he is unlawfully being detained under 8 U.S.C § 1225(b) and should instead be detained under 8 U.S.C. § 1226(a) which does not require mandatory detention and entitles him to a bond hearing.⁷ Respondents oppose that argument and assert that this Court lacks jurisdiction to hear this case, Petitioner is not entitled to a TRO because he cannot succeed under any factor of a TRO, the request for relief sought is duplicative of the relief in the Habeas Petition, and the Bautista Judgment does not alter the outcome of the case.⁸

The issues have been briefed and the Court is prepared to rule.

---

³ [Doc. No. 10-1].
⁴ [Doc. No. 3-1, p. 3].
⁵ [Doc. No. 1, p. 18].
⁶ [Doc. No. 3-1, p. 16].
⁷ [Doc. No. 3].
⁸ [Doc. No. 10].

2

## II. LAW AND ANALYSIS

### a. Jurisdiction

Federal courts have limited subject-matter jurisdiction and only possess those powers authorized by the Constitution and federal statutes, which may not be expanded by judicial decree. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Relevant here and as Respondents allege, several provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 bar this Court from exercising jurisdiction over Petitioner.[9] The Court, therefore, first reviews these statutory provisions in turn.

First, is § 1252(a)(5), which states that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including [28 U.S.C. § 2241,] any other habeas corpus provision, and [28 U.S.C. §§ 1361 & 1651], a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal.

8 U.S.C. § 1252(a)(5). In other words, those with "an order of removal" can only seek judicial review of said order by filing "a petition for review with [the] appropriate court of appeals." *Id.*; *see also Duarte v. Mayorkas*, 27 F.4th 1044, 1051 (5th Cir. 2022). Petitioner is not challenging an order of removal. As such, § 1252(a)(5) is inapplicable here.

Second, is § 1252(b)(9), which provides that:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or

---

[9] [Id. at pp. 26–29].

3

> proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under [28 U.S.C. § 2241,] any other habeas corpus provision, by [28 U.S.C. §§ 1361 & 1651], or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). The Supreme Court repeatedly held the "targeted language" of "§ 1252(b)(9) does not present a jurisdictional bar where those bringing suit are not asking for review of (1) an order of removal, (2) the decision to seek removal, or (3) the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020) (citation modified). Again, Petitioner does not seek review of any of the above-enumerated actions. Rather than challenging his removal proceedings, Petitioner challenges the lawfulness of his detention without bond during the pendency of his removal proceedings. As such, § 1252(b)(9) also does not apply.

    Lastly, Respondents cite § 1252(g), which says:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including [28 U.S.C. § 2241,] any other habeas corpus provision, and [28 U.S.C. §§ 1361 & 1651], no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

Respondents argue since Petitioner is challenging Respondents' decisions to charge him with removability and detain him, his claims "arise from" the "decision and action" to "commence proceedings."[10] That may be true. But the Fifth Circuit holds that § 1252(g) protects from judicial interference "the Attorney General's long-established discretion to decide *whether and when* to prosecute or adjudicate removal proceedings or to execute removal orders." *Cardoso v. Reno*, 216 F.3d 512, 517 (5th Cir. 2000) (emphasis added) (quoting *Alvidres–Reyes v. Reno,* 180 F.3d 199, 201 (5th Cir.1999)). Thus, although Petitioner is attacking his arrest and continued detention under § 1225 — which stems from the decision to commence proceedings—he is attacking the manner of his arrest and detention and not the decision to arrest. Hence, § 1252(g) also does not bar this Court's jurisdiction.

Since none of the provisions Respondents cite, suggesting this Court lacks jurisdiction, applies, the Court concludes it has jurisdiction over Petitioner's claims.

### b. TRO

Federal courts may issue a TRO *ex parte* or after notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b).

---

[10] [Doc. No. 10, p. 24].

When the adverse party has notice, however, a TRO may be treated as a preliminary injunction. *See Butts v. Aultman*, 953 F.3d 353, 361 n.6 (5th Cir. 2020) ("If there is an adversary hearing or the order is entered for an indeterminate length of time, a 'temporary restraining order' may be treated as a preliminary injunction.").

When considering whether to issue a preliminary injunction, lower courts must follow the four-part test from *Winter v. Nat. Res. Def. Council, Inc,* 555 U.S. 7 (2008). Parties "seeking a preliminary injunction must establish (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public interest." *Id*. at 20 (citation modified).

The Supreme Court, very recently, reminded lower courts that PIs are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025). In other words, they should not be used to rule on the final, merits question. Rather, PIs help "preserve the status quo until a trial" or other final disposition is rendered. *Lackey*, 604 U.S. at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 or the *Winters* factors, it is implicit in the "irreparable harm" prong. Courts sometimes describe irreparable harm as those injuries, which "cannot be undone through monetary remedies." *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984) (citation omitted). But that is only one side of the coin. Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567,

6

573 (5th Cir. 1974); *see also* Samuel L. Bray, *The Purposes of the Preliminary Injunction*, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." *Callaway*, 489 F.2d at 573.

Here, Petitioner seeks the same relief in his underlying Habeas Petition—reclassification as detained under 8 U.S.C. § 1226, entitlement to a bond hearing and/or immediate release.[11] Liberty is inarguably the most paramount natural right. And true, the Fifth Circuit has held even momentary loss of a right constitutes irreparable injury. *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 295 (5th Cir. 2012) (citation omitted) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). But context matters. In *Opulent Life Church*, the plaintiff leased property for a new church but was denied a renovation permit by the defendants. *Id.* at 283. In finding the defendant's act caused irreparable harm, the Fifth Circuit noted that the plaintiff "will lose its lease if it is not allowed to operate in its leased property." *Id.* at 297. So, a final ruling on the merits is too little, too late. Again, the inquiry is whether something suggests a final ruling would not grant the plaintiff the prayed-for relief. *See Callaway*, 489 F.2d at 573.

---

[11] [Doc. No. 3-1, p. 17].

Petitioner cannot show either that he faces imminent removal or the existence of something else that would make a favorable ruling on the Habeas Petition too little, too late. Petitioner's main claims of irreparable harm or injury is that he is separated from his family.[12] Accordingly, Petitioner's Motion fails because a mere allegation of unlawful detention due to alleged incorrect classification under 8 U.S.C. § 1225—absent evidence of imminent removal or other circumstances that would render habeas relief ineffective—is insufficient.

The Court notes that these findings may change. If Respondents' actions change Petitioner's circumstances such that the Court could not eventually redress Petitioner's claims, preliminary relief might be appropriate. Accepting Petitioner's contention that any unlawful detention warrants preliminary relief would circumvent the Congressionally-selected procedures set forth in the habeas statute, 28 U.S.C. § 2241. This Court declines to do so.

### III. CONCLUSION

For these reasons,

**IT IS ORDERED** that Petitioner's Motion [Doc. No. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that the Habeas Petition [Doc. No. 1] is referred to the Magistrate Judge.

MONROE, LOUISIANA, this 20th day of January 2026.

                                              TERRY A. DOUGHTY
                                          UNITED STATES DISTRICT JUDGE

---

[12] [Id. at p. 13].